**CV 04-5530**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT
---------------------------------------X
SEAN HARKER,

          Plaintiff,

Civ No.:
Date Purchased:

-against-

**VERIFIED COMPLAINT**

KISKA CONSTRUCTION CORPORATION, NEW YORK, KISKA CONSTRUCTION CORPORATION USA AND KISKA CONSTRUCTION, INC.,

          Defendants.
---------------------------------------X

KORMAN, C.J.

GOLD, M.J.

Plaintiff, **SEAN HARKER**, by his attorney, **LAW OFFICES OF JOHN C. DEARIE**, complaining of the Defendants herein, respectfully alleges upon information and belief:

## AS AND FOR A SECOND CAUSE OF ACTION

1. That at all times hereinafter mentioned, plaintiff was, and still is a resident of the County of Suffolk, State of New York.

2. That this action falls within one or more exemptions set forth in the General Maritime Law of the United States and all statutes, rules and regulations, ETC., thereof including, but not limited to, and known as the Savings to Suitors Clause, 28 USC. §1333 (1), which this honorable court has jurisdiction over the parties and the subject matter of this section.

3. That on or about May 19, 2004, and at all times hereinafter mentioned, the defendants, **KISKA CONSTRUCTION CORPORATION** was and still is a resident of the State of New York, County of New York.

2

4. That on or about May 19, 2004, and at all times hereinafter mentioned, the defendant, **KISKA CONSTRUCTION CORPORATION, NEW YORK** (hereinafter referred to as "**KISKA NEW YORK**") was and still is a domestic corporation duly authorized and existing under and by virtue of the laws of the laws of the State of New York.

5. That on or about May 19, 2004, and at all times hereinafter mentioned, the defendant **KISKA NEW YORK**, was and still is a foreign corporation duly authorized and existing under and by virtue of the laws of the State of New York.

6. That on or about May 19, 2004, and at all times hereinafter mentioned, the defendant **KISKA NEW YORK**, maintained a principal place of business in the County of New York, City and State of New York.

7. That on or about May 19, 2004, and at all times hereinafter mentioned, the defendant, **KISKA NEW YORK**, its agents, servants and employees operated a vessel commonly known and referred to The Track of Albany Barge.

8. That on or about May 19, 2004, and at all times hereinafter mentioned, the defendant, **KISKA NEW YORK** was the owner of the vessel known at The Track of Albany Barge.

9. That on or about May 19, 2004, and at all times hereinafter mentioned, the defendant, **KISKA NEW YORK** maintained the vessel known at The Track of Albany Barge.

10. That on or about May 19, 2004, and at all times hereinafter mentioned, the defendant, **KISKA NEW YORK** operated the vessel known at The Track of Albany Barge.

11. That on or about May 19, 2004, and at all times hereinafter mentioned, the defendant, **KISKA NEW YORK** controlled the vessel known at The Track of Albany Barge.

12. That on or about May 19, 2004, and at all times hereinafter mentioned, the defendant, **KISKA NEW YORK** repaired the vessel known at The Track of Albany Barge.

13. That on or about May 19, 2004, and at all times hereinafter mentioned, the defendant, **KISKA NEW YORK**, docked The Track of Albany Barge on the Harlem River Drive in upper New York, under and near the 3rd Avenue Bridge.

14. That on or about May 19, 2004, and at all times hereinafter mentioned, the defendant, **KISKA NEW YORK**, its agents, servants and/or employees, owned, maintained, controlled, managed and/or repaired the aforementioned vessel while docked and stationary at the aforementioned location.

15. That on or about May 19, 2004, and at all times hereinafter mentioned, the defendant, **KISKA CONSTRUCTION USA** (hereinafter referred to as "**KISKA USA**") was and still is a domestic corporation duly authorized and existing under and by virtue of the laws of the laws of the State of New York.

16. That on or about May 19, 2004, and at all times hereinafter mentioned, the defendant **KISKA USA**, was and still is a foreign corporation duly authorized and existing under and by virtue of the laws of the State of New York.

17. That on or about May 19, 2004, and at all times hereinafter mentioned, the defendant **KISKA USA**, maintained a principal place of business in the County of New York, City and State of New York.

18. That on or about May 19, 2004, and at all times hereinafter mentioned, the defendant, **KISKA USA**, its agents, servants and employees operated a vessel commonly known and referred to The Track of Albany Barge.

19. That on or about May 19, 2004, and at all times hereinafter mentioned, the defendant, **KISKA USA**, was the owner of the vessel known at The Track of Albany Barge.

20. That on or about May 19, 2004, and at all times hereinafter mentioned, the defendant, **KISKA USA**, maintained the vessel known at The Track of Albany Barge.

21. That on or about May 19, 2004, and at all times hereinafter mentioned, the defendant, **KISKA USA**, operated the vessel known at The Track of Albany Barge.

22. That on or about May 19, 2004, and at all times hereinafter mentioned, the defendant, **KISKA USA**, controlled the vessel known at The Track of Albany Barge.

23. That on or about May 19, 2004, and at all times hereinafter mentioned, the defendant, **KISKA USA**, repaired the vessel known at The Track of Albany Barge.

24. That on or about May 19, 2004, and at all times hereinafter mentioned, the defendant, **KISKA USA**, docked The Track of Albany Barge on the Harlem River Drive in upper New York, under and near the 3rd Avenue Bridge.

25. That on or about May 19, 2004, and at all times hereinafter mentioned, the defendant, **KISKA USA**, its agents, servants and/or employees, owned, maintained, controlled, managed and/or repaired the aforementioned vessel while docked and stationary at the aforementioned location.

26. That on or about May 19, 2004, and at all times hereinafter mentioned, the defendant, **KISKA CONSTRUCTION INCORPORATED** (hereinafter referred to as "**KISKA**

INC.") was and still is a domestic corporation duly authorized and existing under and by virtue of the laws of the laws of the State of New York.

27. That on or about May 19, 2004, and at all times hereinafter mentioned, the defendant KISKA INC., was and still is a foreign corporation duly authorized and existing under and by virtue of the laws of the State of New York.

28. That on or about May 19, 2004, and at all times hereinafter mentioned, the defendant KISKA INC., maintained a principal place of business in the County of New York, City and State of New York.

29. That on or about May 19, 2004, and at all times hereinafter mentioned, the defendant, KISKA INC., its agents, servants and employees operated a vessel commonly known and referred to The Track of Albany Barge.

30. That on or about May 19, 2004, and at all times hereinafter mentioned, the defendant, KISKA INC., was the owner of the vessel known at The Track of Albany Barge.

31. That on or about May 19, 2004, and at all times hereinafter mentioned, the defendant, KISKA INC., maintained the vessel known at The Track of Albany Barge.

32. That on or about May 19, 2004, and at all times hereinafter mentioned, the defendant, KISKA INC., operated the vessel known at The Track of Albany Barge.

33. That on or about May 19, 2004, and at all times hereinafter mentioned, the defendant, KISKA INC., controlled the vessel known at The Track of Albany Barge.

34. That on or about May 19, 2004, and at all times hereinafter mentioned, the defendant, KISKA INC., repaired the vessel known at The Track of Albany Barge.

35. That on or about May 19, 2004, and at all times hereinafter mentioned, the defendant, **KISKA INC.**, docked The Track of Albany Barge on the Harlem River Drive in upper New York, under and near the 3rd Avenue Bridge.

36. That on or about May 19, 2004, and at all times hereinafter mentioned, the defendant, **KISKA INC.**, its agents, servants and/or employees, owned, maintained, controlled, managed and/or repaired the aforementioned vessel while docked and stationary at the aforementioned location.

37. That on or about May 19, 2004, the plaintiff, **SEAN HARKER**, was an employee of the corporation commonly known and referred to and defined herein as **KISKA NEW YORK, KISKA USA and KISKA INC.**

38. That on or about May 19, 2004, the plaintiff, **SEAN HARKER**, was a member of the crew of The Track of Albany Barge and more specifically as a dock builder.

39. That on or about May 19, 2004, at the aforementioned location, while The Track of Albany Barge was at its harbor and stationary, plaintiff was caused to sustain serious injuries as a result of an accident that occurred while he was aboard said vessel.

40. That on or about May 19, 2004, while plaintiff, **SEAN HARKER**, was lawfully and within the said vessel, he was caused to slip and fall and sustain the serious permanent injuries and wholly as a result of the negligence of the defendants as aforesaid.

41. That the above stated defendants, their agent, servants and/or employees had a duty to provide plaintiff with a safe place to work.

42. That the above stated defendants, their agents, servants and/or employees had a non-delegable duty to see that the work site was kept reasonably safe and free of

dangers and hazards to those workers, employees and visitors lawfully thereat, including the plaintiff, **SEAN HARKER**.

43. That the accident with its resulting injuries to the plaintiff, **SEAN HARKER**, was caused by reason of the negligence of the defendants, their agents, servants and/or employees in that the defendants were reckless, careless and negligent in the possession, control, supervision, operation, direction, maintenance, management and/or ownership of the vessel and they failed to provide plaintiff with a safe place to work.

44. That on May 19, 2004 and prior thereto, the defendants owned, operated, maintained, controlled, managed, supervised and/or repaired and had a duty to operate, manage, maintain, supervise, take care of, control the instrumentalities which caused the aforesaid accident.

45. That the aforesaid accident and the resulting injuries sustained by the plaintiff were caused solely and wholly by the reason of the negligent, careless and reckless manner of the defendant, its agents, servants and/or employees without any fault, want, or care or culpable conduct on the part of the plaintiff contributing thereto.

46. That the defendants, their agents, servants, crew, employees and/or persons for which the defendants are vicariously liable, were negligent, careless, reckless, grossly negligent, willful, wanton and otherwise culpable and deserving of blame in the ownership, operation, control, maintenance, management and control of the said vessel: in operating the boat and/or vessel in an unsafe manner; in failing to properly control, in creating, in causing and/or permitting the boat and/or vessel to become, be and remain in an unreasonably dangerous, defective and unsafe condition; in knowing of same, having an

ample opportunity to correct it yet failing to do so; in failing to warn plaintiff; in failing to perform the duties required of a boat owner; in failing to maintain and/or negligently maintaining the boat and/or vessel's equipment in good working condition; in performing work labor and services in a negligent manner; in failing to abide by the requisite safety statutes and regulations, both governmental and private; in violating statutes, rules, regulations, customs and usages that this court will take judicial notice of at the time of trial; in being otherwise culpable and blame worthy; plaintiff further relies upon the doctrine of Res Ipsa Loquitur.

47. That as a result of the aforementioned, plaintiff, **SEAN HARKER**, suffered severe injuries, pain, suffering, loss of life, enjoyment of life, a serious injury and other damages and adverse consequence as a direct and proximate result of the ?? culpable conduct of the defendants.

48. That as a result of the accident and the resulting injuries, the plaintiff, **SEAN HARKER**, was caused to sustain and endure pain and suffering and to further sustain and incur a loss wage and upon information and belief is permanently injured and damaged all in the sum of TWO MILLION ($2,000,000.00) DOLLARS.

49. The limitations of liability set forth in article 16 of the CPLR do not apply because one or more of the exceptions found in CPLR 1602 do apply.

## AS AND FOR A SECOND CAUSE OF ACTION

50. The plaintiff, **SEAN HARKER**, repeats, reiterates and realleges each and every allegation set forth in the complaint numbered "1" through "32" inclusive with the same force and effect as if set forth herein at length.

51.  That on or about May 19, 2004, and at all times hereinafter mentioned, while The Track of Albany Barge was docket at the aforementioned location, plaintiff, **SEAN HARKER**, was caused to sustain serious and severe injuries, all by reason of the unseaworthiness of said vessel, its appliances, appurtenances, equipment, steps and/or stairs.

52.  That the said Track of Albany Barge was unseaworthy on the date and time aforesaid when the plaintiff sustained his accident and personal injuries; in that plaintiff was caused to slip and/or fall solely and alone through the negligence of the defendants, their agents, servants and/or employees in the ownership, operation, maintenance, management, supervision and control of said vessel.

53.  That the defendants and their agent, servants, crew, employees and/or persons for which the defendant is vicariously liable where negligent, careless, reckless, grossly negligent, willful, wanton and otherwise culpable and deserving of blame in the ownership, operation, control, maintenance, management and control of said boat; that the persons through which the aforesaid accident happened were culpable; in operating the boat and/or vessel in an unsafe manner; in failing to properly control, in creating, causing and permitting the boat and/or vessel to be, become and remain in an unreasonably dangerous, defective and unsafe condition; in having knowledge of same; in having ample opportunity to correct it yet failing to do so; in failing to warn the plaintiff; in failing to perform the duties required of a boat owner; in failing to maintain and/or negligently maintaining the boat and/or vessels equipment in good working condition; in performing work, labor and services in a negligent manner; in failing to abide by the

requisite safety statutes and regulations, both governmental and private, in breach of the general maritime law of the ship owners duty to maintain the seaworthy vessel; in violating statutes, rules, regulations, customs and usages that this court will take judicial notice of at the time of trial; in being otherwise culpable and blameworthy; plaintiff further relies upon the doctrine of Res Ipsa Loquitur.

54. That on or about May 19, 2004 and at all times hereinafter mentioned, plaintiff sustained serious and disabling injuries in the scope of his employment while serving upon the aforementioned vessel.

55. That by reason of the foregoing, the plaintiff, **SEAN HARKER** is permanently injured and damaged all in the sum of TWO MILLION ($2,000,000.00) DOLLARS.

## AS AND FOR A THIRD CAUSE OF ACTION

56. The plaintiff, **SEAN HARKER**, repeats, reiterates and realleges each and every allegation set forth in the complaint numbered " " through " " as if fully stated herein.

57. That this action is brought under the prevue of 46 U.S.C. § 688, herein referred to "The Jones Act".

58. That on or about May 19, 2004, and at all times hereinafter mentioned, the plaintiff, **SEAN HARKER**, was a Jones Act seaman who was entitled to all of the protection of the Jones Act enumerated therein.

59. That on or about May 19, 2004, and at all times hereinafter mentioned, the plaintiff, **SEAN HARKER**, sustained serious and disabling injuries in the course and scope of his employment while serving on board the aforementioned vessel.

11

60. That upon information and belief, on May 19, 2004 the plaintiff was caused to sustain injuries in the course of his employment aboard the aforementioned vessel, solely and alone through the negligence of the defendants, their agents, servants and/or employees.

61. That as a result of the accident on or about May 19, 2004, plaintiff has suffered and disabling injuries. The plaintiff has suffered and will continue to suffer disabilities and loss of earnings, will continue to suffer for the rest of his life and has caused his earning capacity to be permanently and materially diminished. In addition, plaintiff has suffered great physical pain and mental anguish and will continue to suffer on a permanent basis great physical pain and mental anguish. Furthermore, as a result of the plaintiff's injuries as aforesaid, plaintiff has been permanently afflicted with a substantial degree of physical impairment which, in all reasonable medical probability is permanent in nature. Plaintiff has been forced to incur expenses for medical and hospital and care as a direct result of the injuries complained of herein and in all reasonable medical probability as a result of the injuries complained of herein, plaintiff will continue to incur medical and hospital expenses for the remainder of his lifetime.

62. That all times hereinafter mentioned, in addition to the damage which plaintiff has heretofore complained of, the plaintiff has not been paid wages which are rightfully due and owing to the plaintiff. Plaintiff has been refused payment of such wages without a basis in law or fact. The defendants have refused payments of such wages and maintenance and cure and plaintiff has been damaged in the sum of his earned and unearned wages plus the amount of unpaid maintenance from the date of the accident, until he obtains a point of maximum cure. Plaintiff has also been damaged in the sum of

all medical expenses incurred by him and not reimbursed by the defendant. The defendants through its agents, attorneys and claim representatives acted willfully, maliciously, fraudulently and oppressively, and acted in bad faith in reckless disregard for plaintiffs right to receive maintenance and cure. The defendants callously and persistently refuse to consider the nature and extent of plaintiff's medical condition in rejecting plaintiff's recommendation for treatment of said condition. This was done knowingly, intentionally and wantonly, and with the purpose of discouraging avoiding or reducing the payment of maintenance and cure due plaintiff under the general maritime law. That the defendants had no legitimate or arguable reason for refusing to pay plaintiffs valid claim for maintenance and cure. Defendants, agents, attorneys and claims representatives intentionally failed to determine whether there was any legitimate or arguable reason for refusing to pay the plaintiff's continued claim and need for medical treatment and care. The defendants intentional refusal to pay plaintiff's valid claim was a breach of implied in law duty of good faith and operated to unreasonably deprive plaintiff of benefits of the maintenance secure under the general maritime law. That the defendants conduct in intentionally refusing to pay plaintiffs valid claim for maintenance and cure, loss of wages passed and future was malicious, oppressive and otherwise reflected a consistent disregard for plaintiff's rights. That at all times hereinafter mentioned, the plaintiff was a Jones Act seaman and such he is entitled to all of the protections and remedies under the Jones Act. The defendants are, therefore liable and obligated to provide plaintiff with proper medical care and attention until heals, medical expenses, his earned and unearned wages, and with the means (maintenance) with which to sustain and maintain himself while receiving medical care and attention and while unable to resume his normal duties,

13

commencing on the date of the accident or illness alleged herein, and continuing therefore until plaintiff has obtained the point of maximum care. Then under the applicable provisions of the Jones Act, plaintiff is further entitled to statutory recover of double the amount of wages originally due and owing to him.

63. That as a result of the accident and resulting injuries plaintiff, SEAN HARKER, was caused to sustain and endure pain and suffering and further forced to retain attorneys and has incurred liability for attorneys frees and legal services.

Plaintiff prays that upon final trail of this cause of action, he will be awarded all past due wages, which include but is not limited to double the amount of wages, interest on these wages until date of judgment, and all amounts due to him as which plaintiff has heretofore complained of and all penalties under the applicable provisions of the Jones Act.

Upon information and belief, plaintiff is permanently injuries and damaged all in the sum of TWO MILLION ($2,000,000.00) DOLLARS.

**WHEREFORE**, plaintiff, **SEAN HARKER**, demands judgment against the defendants in the sum of TWO MILLION ($2,000,000.00) DOLLARS, on the First Cause of Action; plaintiff, **SEAN HARKER**, demands judgment against the defendants in the sum of TWO MILLION ($2,000,000.00) DOLLARS on the Second Cause of Action; plaintiff, **SEAN HARKER**, demands judgment against the defendants in the sum of TWO MILLION ($2,000,000.00) DOLLARS, as and for a Third Cause of Action, together with interest from May 19, 2004, costs and disbursements of this action.

Dated: New York, New York
      December 6, 2004

Yours, etc.

_____
ERIC R. LEVI, ESQ.
LAW OFFICES OF JOHN C. DEARIE
Attorneys for Plaintiff(s)
515 Madison Avenue, 11th Floor
New York, New York 10022
212-980-0404

STATE OF NEW YORK, COUNTY OF NEW YORK

I, the undersigned, an attorney admitted to practice in the courts of New York State, state under penalty of perjury that I am one of the attorneys for the plaintiff in the within action; I have read the foregoing Complaint and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe to be true. The reason this verification is made by me and not by my client, is that my client is not presently in the County where I maintain my offices. The grounds of my belief as to all matters not stated upon my own knowledge are the materials in my file and the investigations conducted by my office.

Dated: New York, New York
       December 6, 2004

_____
BY: ERIC R. LEVI, ESQ.

17

Case 1:04-cv-05530-ERK-SMG   Document 1   Filed 12/17/04   Page 16 of 16 PageID #: 16